| | | |
|---|---|---|
| **STATE OF MINNESOTA** | | **DISTRICT COURT** |
| **County of Hennepin** | Judicial District: | Fourth |
| | Case Type: | Civil Other/Misc. |

Cory Larsen
Plaintiff

vs.                                              **SUMMONS**

Capital One Bank, N.A. and Kohl's
Department Stores, Inc.
Defendants

    1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    619 South Tenth Street
    Suite 301
    Minneapolis, MN 55404

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the

complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

     **5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

     **6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: December 1, 2015            Respectfully Submitted.

By:_____
MADGETT & PETERSON, LLC
Ryan D. Peterson (#0389607)
David J.S. Madgett (#03900494)
619 South Tenth Street
Suite 301
Minneapolis, MN 55404
(612) 367-6568
rpeterson@madgettlaw.com
dmadgett@madgettlaw.com
ATTORNEYS FOR PLAINTIFF

| | | |
|---|---|---|
| **STATE OF MINNESOTA**<br>**County of Hennepin** | Judicial District:<br>Case Type: | **DISTRICT COURT**<br>Fourth<br>Civil Other/Misc. |

Cory Larsen
Plaintiff

vs.

Capital One Bank, N.A. and Kohl's
Department Stores, Inc.
Defendants

**COMPLAINT**

PLAINTIFF, as and for his causes of action (i.e., violations of the Telephone Consumer Protection Act and invasion of privacy under the common law of Minnesota) against the above-named Defendants, states and alleges as follows:

### Introduction

1. The following case alleges prolonged harassment by Defendants. In June or July of 2014 Plaintiff applied for and obtained a credit card bearing the name of Defendant Kohl's Department Stores, Inc and underwritten by Capital One Bank, N.A. In September of 2015, Plaintiff began receiving collections calls despite his account being current. On several occasions, all prior to the filing of this Complaint, Plaintiff requested that Defendants cease calling his phone. Despite this, on an ongoing basis, Defendants used an automatic telephone dialing system ("ATDS") to repeatedly call and harass Plaintiff on his personal cell phone. Without further recourse available, Plaintiff commenced this action.

## Statement of Jurisdiction & Venue

2. This Court has Jurisdiction over the subject matter of this action pursuant to Minn. Stat. §484.01 and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 (b)(3).

3. Venue is proper pursuant to Minn. Stat. §542.09 because the cause of action arose within the State of Minnesota and the County of Hennepin.

### Parties

4. Plaintiff Cory Larsen is an adult resident of Hennepin County, Minnesota.

5. Defendant Capital One Bank, N.A. is a nationally chartered bank headquartered in Vienna, Virginia.

6. Defendant Kohl's Department Stores Inc. is a foreign corporation registered to do business in the state of Minnesota.

7. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendants conducted business in the State of Minnesota and in the County of Hennepin.

### Facts

8. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

9. Defendants are, and at all times mentioned herein were, "person[s]" as defined by 47 U.S.C. § 153 (39).

10. Plaintiff's telephone number, (xxx) xxx-0709, is assigned to a "cellular telephone service" as that term is used in 47 U.S.C. § 227 (b)(1)(A)(ii).

11. In June or July of 2014, Plaintiff applied for and received a credit card branded by Defendant Kohl's Department Stores, Inc.

12. The card in question was underwritten by Defendant Capital One Bank, N.A.

13. Upon information and belief, Defendant Kohl's Department Stores, Inc. maintains responsibility for the servicing the accounts of its co-branded store cards.

14. Upon information and belief, although Defendant Kohl's Department Stores, Inc. is responsible for servicing the accounts, Defendant Kohl's Department Stores, Inc. is acting as an agent for the moneylender and underwriter Defendant Capital One Bank, N.A.

15. Despite being current on his account, Plaintiff began receiving collection calls from Defendants in September of 2015.

16. Plaintiff's caller identification system indicated the calls in question occurred from number 262-704-9780.

17. Plaintiff frequently received multiple phone calls in a single day.

18. On several occasions Defendants' auto-dialing system would dial Plaintiff and when Plaintiff answered these phone calls, a representative was entirely unavailable.

19. On numerous other occasions Defendants' auto-dialing system would leave voicemails with out any sound.

20. These silent voicemails were all identical in duration lasting exactly five seconds.

21. Plaintiff is informed and believes, and thereon alleges, that on multiple occasions all prior to the date this complaint was filed, Defendants contacted Plaintiff on Plaintiff's cellular telephone via an "automatic telephone dialing system" as defined by 47 U.S.C. § 227 (a)(1).

22. Upon information and belief, said calls were placed without Plaintiff's express written consent.

23. The aforementioned calls and the calls subject in this complaint occurred after Plaintiff explicitly requested that Defendants cease calling his phone and thereby withdrew any prior

consent to be called via an "automatic telephone dialing system" as defined by 47 U.S.C. § 227 (a)(1).

24. The telephone number Defendants called was assigned to a cellular telephone service, pursuant to 47 U.S.C. § 227 (b)(1).

25. Plaintiff is informed and believes, and thereon alleges, that these telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

26. Defendants placed or caused to be placed these telephone calls in violation of 47 U.S.C. § 227(b)(1).

27. Defendants clearly placed the aforementioned calls with a direct intention or effect of harassing Plaintiff.

### Specific Claims

*Count I - Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 Et Seq.*

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

30. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq. Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

31. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

*Count II – Knowing and/ or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 Et Seq.*

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/ or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

34. As a result of Defendants' knowing and/ or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

*Count III – Common Law Invasion of Privacy by Intrusion Upon Seclusion*

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing calls placed by Defendants constitute an intentional intrusion upon the seclusion of Plaintiff.

37. Plaintiff has a reasonable expectation of privacy in that he reasonably does not expect to be repeatedly called on his cellular telephone.

38. Plaintiff has a reasonable expectation of privacy that persons calling her cellular phone are not intending to harass him.

39. Both the timing and the sheer volume of calls were highly offensive to Plaintiff and would be similarly offensive to a reasonable Minnesota consumer.

40. As a result of Defendants' invasion upon the seclusion of Plaintiff, Plaintiff is entitled to damages including such fair compensation as a court or jury may deem appropriate.

### Jury Demand

41. Plaintiff hereby demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff, Cory Larsen, by and through his attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendants as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

c. Statutory damages of $1,500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C);

d. injunctive relief prohibiting such conduct in the future;

e. reasonable attorney's fees, litigation expenses, and cost of suit; and

f. Any other relief deemed appropriate by this Honorable Court.

Dated: December 1, 2015              Respectfully Submitted,

By:_____
MADGETT & PETERSON, LLC
Ryan D. Peterson (#0389607)
David J.S. Madgett (#0390494)
619 South Tenth Street

Suite 301
Minneapolis, MN 55404
(612) 367-6568
rpeterson@madgettlaw.com
dmadgett@madgettlaw.com
ATTORNEYS FOR PLAINTIFF

### Acknowledgement

Plaintiff acknowledges that, pursuant to Minn. Stat. Sec. 549.21 sub. 2, the Court in its discretion may award costs, disbursements, reasonable attorney's fees and witness fees to the parties against whom costs, disbursements, reasonable attorney's fees and witness fees were charged in bad faith.

Dated: December 1, 2015       By: _____
                              Ryan D. Peterson
                              ATTORNEY FOR PLAINTIFF